UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTOPHER A. WILSON,

                Petitioner,

  v.
                                            9:20-CV-1406
                                            (GTS/ML)
GERALD JONES,

                Respondent.
_____

APPEARANCES:                                                OF COUNSEL:

CHRISTOPHER A. WILSON
13-B-1473
Petitioner, pro se
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

GLENN T. SUDDABY
United States Chief District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

Petitioner Christopher Wilson seeks federal habeas corpus relief pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On November 16, 2020, the action was administratively closed due to petitioner's failure to properly commence it. Dkt. No. 2, Administrative Closure Order. Petitioner was advised that if he desired to pursue this action he must so notify the Court and either (1) pay the filing fee of five dollars ($5.00), or (2) submit a completed, signed, and properly certified in forma pauperis ("IFP") application, within thirty (30) days of the filing date of that Order. *Id*. at 2.

On November 19, 2020, the Court received the statutory filing fee. Dkt. Entry dated

11/19/20 (identifying receipt information for filing fee transaction). The case was reopened. Dkt. No. 3, Text Order.

Upon further review of petitioner's prior habeas action, and for the reasons discussed below, this petition must be transferred to the Second Circuit as a successive petition.[1]

## II.     PREVIOUS HABEAS PETITION

Petitioner previously filed a habeas petition in the Northern District of New York in 2017. *Wilson v. Graham*, No. 9:17-CV-0863 (BKS) ("*Wilson I*"). Petitioner challenged a 2013 judgment of conviction in Jefferson County, upon his guilty plea, of criminal possession of a controlled substance in the first degree. *Wilson I*, Dkt. No. 10, Amended Petition ("Am. Pet.") at 1.[2] On December 23, 2015, the New York State Supreme Court, Appellate Division,

---

[1] Even if the petition was not transferred, it still appears to be untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).
    In this case, petitioner's conviction was affirmed by the Court of Appeals on May 19, 2016. Pet. at 2-3; *People v. Wilson*, 27 N.Y.3d 1076 (2016). Petitioner's conviction became "final" for purposes of the AEDPA ninety days later, on August 17, 2016, when the time to seek certiorari expired. *Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until August 17, 2017, to file a timely federal habeas petition. The present petition, signed on November 4, 2020, is approximately three years too late.
    While the statute of limitations will be statutorily tolled while petitioner's properly filed collateral attacks were pending, his habeas petition is still untimely. Petitioner's first 440 motion was filed while his direct appeal was pending, and, on May 26, 2017, it was dismissed without prejudice. *Wilson v. Graham*, No. 9:17-CV-0863, Dkt. No. 18, State Court Records ("SCR") at 94-95. Assuming that motion was properly filed, the statute of limitations was tolled from the date petitioner's conviction became final through May of 2017. Accordingly, petitioner had until May 26, 2018, to timely file his habeas petition.
    Petitioner's second 440 motion was filed on March 22, 2018. Pet. at 3. At that time, 300 days of the statute of limitations had expired. The statute of limitations was tolled through November 13, 2019, when petitioner's application for leave was denied by the Appellate Division. *Id.* at 3-4. Accordingly, petitioner had another 65 days, or until January 18, 2020, to timely file his habeas petition. Because January 18, 2020, fell on a Saturday, the deadline was extended to January 20, 2020. *See* Fed. R. Civ. P. 6(a)(1)(C). Petitioner's present filing, on November 4, 2020, is still approximately ten months too late.
    Petitioner's habeas petition, pending from 2017 through 2018, did not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). On this record, there also appears to be no basis for equitable tolling.

[2] Citations to petitioner's fillings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

Fourth Department, affirmed his judgment of conviction, and, on May 19, 2016, the New York Court of Appeals denied leave to appeal.  *Id.* at 2-3 (citing decision citations 134 A.D. 1396 and 27 N.Y.3d 1076); *accord People v. Wilson*, 134 A.D.3d 1396 (4th Dep't 2015), *lv. denied*, 27 N.Y.3d 1076 (2016).

Petitioner argued that he was entitled to habeas relief because (1) the trial court erred in denying his motion to suppress the fruits of an unlawful, warrantless search of an apartment where the controlled substances at issue were discovered and (2) counsel rendered ineffective assistance in failing to investigate a specific witness and challenge a law enforcement officer's testimony at a probable cause hearing.  *Wilson I*, Am. Pet. at 5-8.  The respondent opposed the petition.  *Wilson I*, Dkt. No. 16, Memorandum of Law in Opposition; Dkt. No. 17, Answer; Dkt. No. 18, SCR.

On November 15, 2018, the Court issued a Decision and Order denying and dismissing the petition in its entirety.  *Wilson I*, Dkt. No. 20, Order ("November Order"); Dkt. No. 21, Judgment.  The Court held that petitioner's failure to suppress evidence claim was foreclosed by *Stone v. Powell*, 428 U.S. 465 (1976).  *Id.* at 10-13.  Further, petitioner's ineffective assistance of counsel claim was unexhausted, barred by his guilty plea, and otherwise meritless.  *Id.* at 13-17.

Petitioner did not appeal the decision.

### III.   THE PRESENT PETITION

Petitioner again challenges a 2013 judgment of conviction in Jefferson County, pursuant to a guilty plea, of first degree criminal possession of a controlled substance.  Pet. at 1-2.  Petitioner again indicated that the Fourth Department affirmed his conviction and the

Court of Appeals denied his application for leave to appeal.  *Id.* at 2-3.  While petitioner did not indicate the dates of the decision, he did identify the citation for the Appellate Division's decision: 134 A.D.3d 1396.  *Id.* at 2.

On March 22, 2018,  petitioner also filed a motion to vacate his judgment pursuant to New York State Criminal Procedure Law § 440.10 ("440 motion").  Pet. at 3.  On September 13, 2019, the motion was denied and, on November13, 2019, petitioner's application for leave to appeal was also denied.  *Id.* at 3-5.

Petitioner argues that he is entitled to federal habeas relief because his counsel was constitutionally ineffective for failing to investigate inconsistencies between the officers' testimony.  Pet. at 5-6.  For a more complete statement of petitioner's claims, reference is made to the petition.

## IV.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) restricted the ability of petitioners to file second or successive petitions.  A petition is a second or successive application when it "attacks the same judgment that was attacked in a prior petition," *Vasquez v. Parrott*, 318 F.3d 387, 390 (2d Cir. 2003) (internal quotation marks omitted), the prior petition was dismissed on the merits, *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005), and the later petition "raises a claim that was, or could have been, raised in [the] earlier petition."  *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002); *accord, Adams v. Corcoran*, 416 F. App'x 84, 85 (2d Cir. 2011) ("While not every numerically second petition is considered a second or successive one, a dismissal on the merits . . . renders any subsequent petition second or successive within the meaning of AEDPA.") (internal quotation marks omitted).

A district court has no jurisdiction to decide a second or successive habeas petition on the merits without authority from the appropriate Court of Appeals. *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (per curiam); *Torres v. Senkowski*, 316 F.3d 147, 149, 151-52 (2d Cir. 2003). Instead, the AEDPA requires individuals seeking to file a second or successive petition to obtain leave of the appropriate Court of Appeals for an order authorizing the district court to consider the second or successive application. 28 U.S.C. § 2244(b)(1)-(3); *see also* Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)."); N.D.N.Y. L.R. 72.4(c) ("Before a second or successive application is filed in this Court, the applicant shall move in the Second Circuit Court of Appeals for an order authorizing the district court to consider the application.").

Here, petitioner does not indicate that he has filed a prior petition. However, he has. *See Wilson I*. Further, the present petition advances another attack on petitioner's 2013 conviction for first degree criminal possession of a controlled substance out of Jefferson County. *Compare Wilson I*, Am. Pet. at 1-2 *with* Pet. at 1-2.[3] The petition is successive because petitioner is challenging the same judgment of conviction that he challenged before in his prior habeas petition. These claims have been previously dismissed on the merits. *Wilson I*, November Order; Judgment. Moreover, there is no basis for concluding that petitioner could not have raised in his earlier petition the grounds for relief asserted in his

---

[3] Further evidence that petitioner again attacks the same conviction comes from the fact that both petitions reference the same citation to the Appellate Court decision denying petitioner's direct appeal of his criminal conviction. *Compare Wilson I*, Am. Pet. at 2 *with* Pet. at 2.

5

present petition. In fact, petitioner did raise this same claim challenging the effectiveness of his counsel as a grounds for relief in his earlier petition. That claim was considered, denied, and dismissed by the Court. *Wilson I*, November Order at 13-17.

Because district courts have no jurisdiction to decide successive petitions, the Court is required to transfer this action to the appropriate Court of Appeals. *Torres*, 316 F.3d at 151-52. Accordingly, the Court transfers this action to the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether the petitioner should be permitted to file a second or successive habeas petition in the district court. *Id.*

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that the Clerk transfer this petition to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1631, for a determination under 28 U.S.C. § 2244(b) as to whether petitioner should be authorized to file a second or successive habeas petition in the district court; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated: November 30, 2020
　　　Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge